**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 18-3526 & 19-1396

_____

ATIYA WAHAB,
on behalf of herself and others similarly situated,
Appellant

v.

STATE OF NEW JERSEY; NEW JERSEY DEPARTMENT OF
ENVIRONMENTAL PROTECTION; GURBIR S. GREWAL,
Attorney General of the State of New Jersey; PHILIP DUNTON
MURPHY, Governor of the State of New Jersey; JOHN DOES 1-5,
being persons whose identity is presently unknown

ATIYA WAHAB,
Appellant

v.

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL
PROTECTION; STEVEN MAYBURY; GWEN ZERVAS; PAM
LYONS; DEBORAH FIGUEROA; STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 3:18-cv-06067 & 3:12-cv-06613)
District Judge: Honorable Brian R. Martinotti

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on August 19, 2020

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*
(Filed:  August 28, 2020)

## OPINION[*]

BIBAS, *Circuit Judge*.

Under the American rule, each party typically pays its own way. But some statutes entitle the winner to attorney's fees. In New Jersey, winners include plaintiffs who get the relief they seek even without an enforceable judgment. So when a plaintiff sues under a fee-shifting statute and the defendant responds by voluntarily changing its challenged behavior, the plaintiff may recover fees.

Atiya Wahab sued her employer, the New Jersey Department of Environmental Protection, alleging workplace discrimination. As a state employee, she is covered by the State Policy Prohibiting Discrimination in the Workplace. Part of that policy used to regulate discrimination investigations by providing: "All persons interviewed, including witnesses, shall be directed not to discuss any aspect of the investigation with others in light of the important privacy interests of all concerned." Att'y Fees App. 2. Employees who violated this confidentiality provision could be punished.

In Wahab's two lawsuits consolidated before us, she sought to enjoin enforcement of the confidentiality provision as an unconstitutional prior restraint on speech. The District Court denied an injunction both times, and she timely appealed. After briefing but before oral argument, the State moved for a stay, arguing that the challenged confidentiality

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

requirement was "about to undergo a significant change that may moot all or a portion of this appeal." *Id.* We granted the stay. The State then modified just the confidentiality provision to no longer forbid employees to discuss investigations. N.J.A.C. § 4A:7-3.1(j). It also deleted the reference to discipline. *Id.* The State argued that this change mooted the appeal. Wahab agreed and asked for attorney's fees. We agree with the parties that the State's changes to the confidentiality provision moot the appeal. All that is left before us is the issue of attorney's fees.

Under New Jersey's Law Against Discrimination and its Civil Rights Act, courts may award prevailing parties reasonable attorney's fees. N.J.S.A. §§ 10:5-27.1, 10:6-2(f). To prevail, a party need not win a favorable judgment or get a consent decree. *Mason v. City of Hoboken*, 951 A.2d 1017, 1031–32 (N.J. 2008). It is enough for the plaintiff to show that her "lawsuit acted as a catalyst that prompted [the] defendant to take action and correct an unlawful practice." *Id.* at 1030. To do that, the plaintiff must show both "a factual causal nexus between plaintiff's litigation and the relief ultimately achieved" and "that the relief ultimately secured by plaintiff[] had a basis in law." *Id.* at 1032 (quoting *Singer v. New Jersey*, 472 A.2d 138, 142 (N.J. 1984)). Wahab has shown both.

First, Wahab has shown that her lawsuit helped cause the State to change its Policy. We judge causation based on all the facts, including the reasonableness of the agency's decisions and its motivations. *Id.* at 1033. At first, the plaintiff bears the burden of proof. *Id.* at 1032. But when the timing and substance of relief "strongly suggest[] a causal link," the burden shifts to the defendants to show lack of causation. *Jones v. Hayman*, 13 A.3d 416, 425 (N.J. Super. Ct. App. Div. 2011).

The State's very late change to its Policy, right before oral argument, is telling. And the State predicted that the change might moot this case. The new Policy also fixed the exact issues that Wahab had challenged: speech about investigations and the threat of punishment. Wahab's suit evidently caused those changes. All these facts strongly suggest causation. The State claims that this causal link is speculative but offers no other explanation for the change.

Second, Wahab's ultimate relief had a basis in law. "A public employee has a constitutional right to speak on matters of public concern without fear of retaliation." *Baldassare v. New Jersey*, 250 F.3d 188, 194 (3d Cir. 2001). And workplace discrimination is a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 148 n.8 (1983). The original Policy forbade speech related to workplace discrimination on pain of discipline. So Wahab had a constitutional basis for the relief she sought and got.

The State denies that Wahab got any relief. But she did. Wahab is no longer subject to the Policy that she challenged. And even though the State had said Wahab would not be subject to the Policy, it had taken no binding steps to protect her from it for good. The Policy was still on the books, restricting her speech.

\* \* \* \* \*

Wahab has won this part of her suit. She has shown that her suit caused the State to change its Policy and that her claim and relief were based in law. So she can collect attorney's fees under New Jersey law. We will vacate the District Court's dismissal and remand to let that court compute and award reasonable attorney's fees.

4